**CITY OF CORPUS CHRISTI v. HAYWARD et al.**

No. 9213.

Circuit Court of Appeals, Fifth Circuit.

April 20, 1940.

Rehearing Denied June 13, 1940.

A. N. Moursund, of San Antonio, Tex., and Howell Ward, E. B. Ward, and R. Briscoe King, all of Corpus Christi, Tex., for appellant.

David M. Wood, of New York City, and Marcellus G. Eckhardt, of Corpus Christi, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment granting recovery upon coupons attached to water revenue bonds issued by appellant, the action being brought by appellees, as members of a bondholders protective committee, who are owners of the coupons.

The bonds were issued in series, during the years 1927–1929 for the purpose of financing the purchase of lands and riparian rights, the erection of a dam and reservoir, and the construction of the tanks, pipes, and other appurtenances necessary to the proper use thereof, as additions to the water system of the municipality. The issues were made pursuant to ordinances of the city council enacted under authority of Articles 1111, 1112, and 1113 of the Revised Civil Statutes of Texas of 1925, as amended in 1927, Vernon's Ann.Civ.St.Tex. arts. 1111–1113. The bonds were secured by a mortgage covering the entire existing water system of the city, as well as the contemplated purchases, extensions, and improvements; they were payable only out of the revenue derived from the water system.

The bonds were sold, the project completed, and the city paid the maturing coupons for several years until, believing that they were uncollectible due to invalidity of the bonds, it denied liability thereon. Thereafter, anticipating trouble collecting these securities, and in order to centralize authority, minimize expenses, and facilitate

the representation of their mutual interests in the matter, several of the holders of the bonds entered into a deposit agreement, under the terms of which they transferred all right, title, and interest in their bonds to a committee, appellees here, taking in return certificates of deposit in the fund created thereby. After various attempts had failed to collect the amounts claimed, this suit was brought.

The city claims that the court has no jurisdiction because the necessary diversity of citizenship is lacking, contending that appellees are merely collection agents for real parties plaintiff residing in Texas; that the deposit agreement and the transfers resulting therefrom were only colorable attempts to confer the benefits of federal jurisdiction upon bondholders not otherwise capable of suing in such court. This issue was settled in the case of Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141, where the supreme court had before it a deposit agreement of bondholders identical in purpose, form, and content with the one under consideration. The court held that there was an actual and complete transfer of right, title, and interest in the bonds, and that the court had jurisdiction of the suit brought by members of the committee constituted thereby, the transferees of the bonds, since it appeared (as it does in this case) that each member of the committee had the requisite diversity of citizenship, and the sum involved was above the jurisdictional amount.

The decision of the case on the merits requires construing Article 1112, supra, since the city contends that the bonds are invalid because the issues were not submitted to and approved by a majority vote of the qualified electors thereof, but were authorized only by an ordinance of the city council. The article provided that no such water system could be incumbered for more than $5,000, except for purchase money, or for extensions, or to refund any existing indebtedness, until such incumbrance had been authorized as aforesaid by a majority of the qualified voters of the municipality. The principal question is, therefore, whether or not the purposes for which the bonds were issued fall within the exceptions in the statute.

Appellees contend that the case of City of Corpus Christi v. Flato, Tex.Civ. App., 83 S.W.2d 433, is res judicata, since that case involved these very bonds, and the city was a party to the action. Conceding without deciding that the city was a party thereto, nevertheless the decision is not res judicata, because there the court held that the particular plaintiff could not maintain that particular suit, and, after that holding, all other portions of the opinion were dicta. Neither is that case an authority which is binding upon us, because it was an opinion of a court of civil appeals, and was overruled by a later decision of the state supreme court holding directly to the contrary. This later case, Radford v. City of Cross Plains, 126 Tex. 153, 86 S.W.2d 204, involved bonds issued for the same purposes as those here, and held that such construction must be considered improvements rather than extensions, within the meaning of the statute, and that the bonds were void. In that case the court also settled the claim of estoppel raised by appellees here, citing with approval the case of Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S. W. 1003, and holding that, the bonds being issued in violation of law and therefore void, the city could not be estopped.

All other contentions of appellees are fully answered in the Radford case, supra, and in the decision of this court in City of Hamlin v. Brown-Crummer Investment Co., 5 Cir., 93 F.2d 680. These decisions are directly in point and are controlling. The bond issues in suit being absolutely void, there can be no recovery on the coupons.

The judgment appealed from is reversed, and the cause is remanded to the district court, with instructions to dismiss the suit.